## Montana Twelfth Judicial District Court.
### County of Hill.

STATE OF MONTANA,
    Plaintiff,                                    CAUSE NO. DC-12-086
-vs-                                              DECISION
MAVIS LYNN COCHRAN,
    Defendant.

On August 10, 2015, the Court revoked the Defendant's suspended sentence for Count I: Theft, a felony, Count II: Driving under the Influence of Alcohol, 4th or subsequent offense, a felony; and Count III: Driving while Privilege to do so is Suspended/Revoked, a misdemeanor. The Court sentenced the Defendant to a commitment to the Department of Corrections for five (5) years, with a recommendation for placement in a treatment program such as Passages followed by pre-release. The Defendant was given credit for 114 days served and credit for 30 days street time at the Crystal Creek program. The Defendant was ordered to pay all previously imposed financial obligations by the sentencing court in the original Judgment entered August 12, 2013.

On April 8, 2016, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant appeared by video conferencing from the Butte Pre-Release program and was represented by Peter Ohman of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is clearly inadequate or clearly excessive.

Therefore, it is the unanimous decision of the Division that the sentence is AFFIRMED.

Done in open Court this 8th day of April, 2016.

DATED this 3rd day of May, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Kathy Seeley, Member and Hon. Brad Newman, Member.

## Montana First Judicial District Court.
### County of Lewis and Clark.

**STATE OF MONTANA,**
    **Plaintiff,**                        **CAUSE NO. DC-11-289**
-vs-                                   **APPLICATION DISMISSED**
**MICHELLE COLLER GABLE,**    **WITHOUT PREJUDICE**
    **Defendant.**

On March 1, 2013, for the felony offense of Count I: Deliberate Homicide (of Sunday Cooley Bennett), the Defendant was sentenced to the Montana Women's Prison for one hundred (100) years. For the felony offense of Count II: Deliberate Homicide (of Joseph Andrew Gable), the Defendant was sentenced to the Montana Women's Prison for one hundred (100) years. The sentence imposed for Count II was ordered to run consecutively to the sentence imposed for Count I.

On April 8, 2016, Defendant's Application for review of that sentence was scheduled to be heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division") at the Montana Women's Prison in Billings, Montana.

Defendant was present and was represented by Peter Ohman of the Office of the State Public Defender. The State was not represented.

Before hearing the Application, Defense Counsel informed the Division that the Defendant was planning to file for post-conviction relief. The Division advised the Defendant and her Counsel that it does not have the authority to review a sentence until it is final--after all appeals and post-conviction relief have been completed. Defendant was further advised that she may re-apply for sentence review sixty (60) days after her post-conviction relief was completed, including if her petition for PCR is denied. Peter Ohman stated that he would not be the attorney filing for post-conviction relief and that the Defendant was proceeding pro-se.

Therefore, it is the unanimous decision of the Division that Defendant's Application in this matter is DISMISSED WITHOUT PREJUDICE. Defendant may re-file her Application with the Lewis and Clark County Clerk of District Court within 60 days of the date of completion of all Montana State post-conviction proceedings, in accordance with Rule 2, Rules of the Sentence Review Division of the Montana Supreme Court.

Done in open Court this 8th day of April, 2016.

DATED this 3rd day of May, 2016.

Hon. Brenda Gilbert, Chairperson, Hon. Brad Newman, Member and Hon. Russell Fagg, Alternate Member.

## Montana First Judicial District Court.
### County of Lewis and Clark.

**STATE OF MONTANA,**
    **Plaintiff,**                        **CAUSE NO. DC-12-050**
-vs-                                   **DECISION**
**KRISTY LYNN JACQUES,**
    **Defendant.**